**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 19, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-41039
Summary Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GUALBERTO LUIS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:05-CR-54-ALL
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Gualberto Luis appeals his conviction following a jury trial for possession with the intent to distribute 609 kilograms of marijuana.  Luis asserts that there was insufficient evidence for the jury to conclude that he knowingly possessed the marijuana. The Government, however, put on evidence of unusual circumstances surrounding the shipment of produce that Luis was driving.  It was mysteriously delayed, and it was added to at one point in the trip.  In addition, Luis was nervous at the checkpoint, he gave

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

an implausible explanation to border patrol agents, and he tried to leave the scene after a dog's alert.  The circumstantial evidence of Luis's knowledge was sufficient.  See United States v. Sanchez, 961 F.2d 1169, 1173 (5th Cir. 1992).

Next Luis asserts that statements made by the prosecutor during closing arguments were plain error.  We find no error because the statements consisted of reasonable inferences that were grounded upon the evidence admitted at trial.  See United States v. Looney, 959 F.2d 1332, 1343 (5th Cir. 1992).  Moreover, assuming arguendo that the statements were improper, they did not affect Luis's substantial rights.  The district court instructed the jury not to consider the arguments of counsel as evidence, and the evidence of Luis's guilt was strong.  See United States v. Gallardo-Trapero, 185 F.3d 307, 322 (5th Cir. 1999); United States v. Lankford, 196 F.3d 563, 574 (5th Cir. 1999).

Finally, Luis asserts that the district court plainly erred by admitting an incriminating statement he made after he had invoked both his right to counsel and the right to remain silent.  Luis never invoked his right to counsel because he failed to clearly articulate a desire to have counsel assist him.  See Soffar v. Cockrell, 300 F.3d 588, 595 (5th Cir. 2002).  Although he did clearly and unequivocally assert his right to remain silent, government agents scrupulously honored his request to remain silent, asking him only permissible "routine booking questions."  See Pennsylvania v. Muniz, 496 U.S. 582, 601-02

(1990).  The district court did not err in admitting the statement because Luis voluntarily made it while fully aware of his right to remain silent.  See Soffar, 300 F.3d at 592; United States v. Gonzales, 121 F.3d 928, 939-40 (5th Cir. 1997).

The judgment of the district court is AFFIRMED.